[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 23-11090

Non-Argument Calendar

————————————————

RONALD DAVID JONES,

Plaintiff-Appellant,

*versus*

GADSDEN COUNTY SCHOOL,

Defendant,

GADSDEN COUNTY SCHOOL BOARD,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cv-00320-MW-MAF

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

In this appeal, Plaintiff-Appellant Ronald Jones contends that the district court erred in granting summary judgment on his employment discrimination claims to the Defendant-Appellee Gadsden County School Board. We disagree. Jones fails to show that the School Board's reasons for failing to hire him for a full-time teaching position were pretext. We therefore affirm.

## I.    Background

Ronald Jones, a 63-year-old black man, worked as a substitute social studies teacher for the Gadsden County School Board. In January 2020, Jones applied for seven full-time teaching positions at the school where he was a substitute. He was not hired. Among those who were hired for these positions, five were women, and all seven were between ages 23 and 38. All but one (a 29-year-old white male) were black.

The School Board says that Jones was not hired for two reasons.

First, the school's database flagged him as "ineligible" because of his criminal history. This was (viewing things in the

light most favorable to Jones)[1] a mistake, because—while Jones had a criminal history—the Department of Education had cleared him to teach. Jones provided the DOE's letter saying as much to Principal Pamela Jones (no relation).[2]

Second, the principal deemed Jones's classroom management unacceptable. For example, the vice principal observed Jones discipline some students—but not others—for using cell phones in the classroom. An unusually high number of "referrals" to the principal's office came from Jones's classes. He also gave students sodas and candy (Jones disputed *selling* such items) during class, which violated school policy. Given these infractions, the principal testified that she probably would not have hired Jones even if he had not been flagged as ineligible.

Jones filed a discrimination complaint with the Florida Commission on Human Relations. Jones explained at the administrative proceeding that he believed he had been discriminated against because the School Board hired someone of younger or of a different race each time he applied for a full-time

---

[1] In reviewing a district court's ruling on summary judgment, we "view the evidence in the light most favorable to the non-moving party." *See Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1363 (11th Cir. 2007).

[2] Jones asserted below that someone in the School System intentionally flagged him as "ineligible" to deprive him of a chance to interview for the job. But the only evidence he supplied for that claim was the School System's admission that he was the only person flagged this way by mistake. Jones does not raise the same argument on appeal, but—even if he had—it is not enough to create a genuine issue of material fact.

teaching position.[3]  After a hearing, the ALJ recommended the Commission dismiss the complaint.  Jones also filed an EEOC charge, and the EEOC issued a notice of right to sue.

Jones then filed this lawsuit.  In the operative complaint, Jones alleged that the School Board's failure to hire him because he is an older male violated Title VII of the Civil Rights Act of 1964[4] and the Age Discrimination in Employment Act of 1967 ("ADEA").[5]  After discovery, the parties both moved for summary judgment.

The magistrate judge recommended the district court grant the School Board's motion and deny Jones's.  The magistrate judge began by rejecting the School Board's argument that the administrative proceeding meant Jones's lawsuit was barred by collateral estoppel.  Next, the magistrate judge rejected Jones's Title VII claim.  Jones had not pointed to any direct evidence of sex discrimination, and his only circumstantial evidence was that five of the seven people hired were women.  The magistrate judge concluded that this was not enough to show a *prima facie* case.  And, even if it were, Jones still could not show that the School Board's legitimate reasons for not hiring him for a permanent position (being flagged as ineligible and poor classroom

---

[3] As discussed below, Jones does not allege a race discrimination claim in his operative complaint.

[4] 42 U.S.C. § 2000e *et seq.*

[5] 29 U.S.C. § 621 *et seq.*

management) were pretext.[6]    Finally, the magistrate judge concluded that the only evidence supporting Jones's age discrimination claim was a chart showing the ages of the people hired, demonstrating that younger applicants were hired instead of Jones.  The magistrate judge said that while that was enough to state a *prima facie* case of discrimination, it did not suffice to show that the School Board's legitimate reasons were pretext.[7]

The district court accepted the report and recommendation, entering judgment for the School Board.[8]  The district court declined to reach Jones's argument that he *had* stated a *prima facie* case, pointing out that the magistrate judge also concluded Jones had not shown pretext.  The court then overruled Jones's objections to the pretext recommendation, explaining that Jones "[did] not point to any record evidence to rebut this point"—rather insisted that "he did not have issues with classroom management" and "[the School Board's] reliance on . . . unofficial visits to [his]

---

[6] Jones also suggested that the refusal to hire him for a permanent position was race discrimination, as well, but the magistrate judge declined to consider Jones's those arguments because Jones had not alleged race discrimination in the operative complaint.  We do the same.

[7] The magistrate judge also seemed to conclude that the hiring of several other people as old or older than Jones "eliminate[d] the presumption of age discrimination" raised by Jones's *prima facie* case.  Because we conclude Jones's claims fail for other reasons, we need not rely on this part of the magistrate judge's reasoning, and so we do not.

[8] The district court's order purported to dismiss Jones's "first" amended complaint—that appears to be a scrivener's error, since the court adopted an R&R disposing of the claims in Jones's second (and operative) complaint.

6                    Opinion of the Court                    23-11090

classroom to establish opinions on his classroom management . . . [was] impermissible."   Thus, the district court concluded, the School Board was entitled to summary judgment.

Jones appealed. [9]

## II.    Standard of Review

We review a district court's grant of summary judgment *de novo*, "view[ing] the evidence in the light most favorable to the non-moving party." *Thomas,* 506 F.3d at 1363.  Summary judgment is proper if the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When a movant shows that no genuine dispute of material fact exists, the burden shifts to the non-movant to demonstrate that there is a genuine issue of material fact that precludes summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608–09 (11th Cir. 1991).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577

---

[9] In his opening brief, Jones requests appointed counsel for the first time.  We note that Jones failed to file a motion to that effect, and we conclude that there is not good cause to appoint counsel at this stage and on this record. *See Fowler v. Jones,* 899 F.2d 1088, 1096 (1990) ("Appointment of counsel in a civil case is not a constitutional right. It is a privilege justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.").  "Because [Jones] has not demonstrated exceptional circumstances," we decline to appoint counsel at this stage. *Abebe-Jira v. Negewo,* 72 F.3d 844, 846 n.★ (11th Cir. 1996).

(11th Cir. 1990); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968))).

## III.    Discussion

Jones's brief mostly addresses irrelevant issues,[10] but even where he does address sex and age discrimination, he does not offer any non-conclusory reason to believe that the School Board's nondiscriminatory reasons for not hiring him were pretext.[11] We therefore find no error in the district court's grant of summary judgment to the School Board.

Jones's claims arise under Title VII's prohibition on sex discrimination and the ADEA. Title VII makes it unlawful for an employer "to fail or refuse to hire . . . any individual, or otherwise to discriminate against any individual with respect to his

---

[10] Jones argues at length, for example, that he "satisfies all 3 elements of a Retaliation claim" and states a claim under 42 U.S.C. § 1983 (by which he seems to mean an equal protection claim and a claim under Title I of the Civil Rights Act of 1964); he discusses the *respondeat superior* doctrine; he discusses the standard for granting a motion to dismiss; he cites various Florida statutes; and he insists that a *pro se* complaint must be interpreted with leniency. Because the operative complaint does not raise any of these claims, we—like the courts below—conclude that they are not a part of this lawsuit.

[11] Because we reach this conclusion, we need not address the magistrate judge's ruling that Jones had also failed to show a *prima facie* case of sex discrimination.

compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex[.]"  42 U.S.C. § 2000e–2(a)(1). The ADEA similarly makes it "unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's age[.]" 29 U.S.C. § 623(a)(1).

We analyze both claims in essentially the same way.  "In order to survive summary judgment, a plaintiff alleging intentional discrimination must present sufficient facts to permit a jury to rule in h[is] favor."  *Lewis v. City of Union City*, 918 F.3d 1213, 1220 (11th Cir. 2019) (en banc) (Title VII); *see also Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015) (ADEA).  Naturally, if the plaintiff has direct evidence of discriminatory intent, that is sufficient.  *Lewis,* 918 F.3d at 1220 n.6; *Liebman*, 808 F.3d at 1298. Because employment discrimination plaintiffs rarely have such evidence, however, the more common route is "satisfying the burden-shifting framework set out in *McDonnell Douglas*."[12]  *Lewis*, 918 F.3d at 1220; *Liebman*, 808 F.3d at 1298. When proceeding under *McDonnell Douglas*, the plaintiff bears the initial burden to establish a *prima facie* case of discrimination by showing (1) that he belongs to a protected class, (2) that he experienced an adverse employment action, (3) that he was qualified to perform the job, and (4) that his employer treated "similarly situated" employees outside his class more favorably.  *Lewis,* 918 F.3d at 1220–21.  "If the plaintiff succeeds in making out a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory

---

[12] *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05 (1973).

reason for its actions." *Id.* at 1221. If he does, "then [the plaintiff must] demonstrate that the defendant's proffered reason was merely a pretext for unlawful discrimination[.]" *Id*; *see also id.* (this burden "merges with the [plaintiff's] ultimate burden of persuading the [factfinder] that [he] has been the victim of intentional discrimination." (brackets in original) (quotation omitted)). To meet that burden, the plaintiff must meet the proffered reason head on—and rebut it. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010). The plaintiff must show "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the employer's reasons—such "that a reasonable factfinder could find them unworthy of credence." *Id.* (quotation omitted). This requires showing (1) that the reason given was false and (2) that unlawful discrimination is the true reason. *Id.* at 1267. Simply quarreling with the reason given is not enough. *See id.* In all events, the question is whether the evidence permits an inference of discrimination. *Lewis,* 918 F.3d at 1220–21 & n.6.[13]

---

[13] Though Jones does not raise it and the courts below did not address it, a plaintiff may also survive summary judgment by showing (what we have sometimes called) a "convincing mosaic" of discrimination. *See Berry v. Crestwood Healthcare LP,* 84 F.4th 1300, 1310–11 (11th Cir. 2023); *cf. Tynes v. Fla. Dep't. of Juvenile Justice,* 88 F.4th 939, 947 (11th Cir. 2023) ("when we use what we have called the convincing mosaic standard, we look beyond the prima facie case to consider all relevant evidence in the record to decide the ultimate question of intentional discrimination"). As we made clear in *Berry,* the "convincing mosaic" theory "is a metaphor" for the bottom line question of whether there is a reasonable inference of discrimination—it is "not a[n independent] legal test[.]" *Berry,* 84 F.4th at 1310–11; *Tynes,* 88 F.3d at 947 ("we are answering that same question when using the *McDonnell Douglas*

Jones's Title VII and ADEA discrimination claims both fail because they fail to rebut the same legitimate, nondiscriminatory reason for declining to hire him: Jones's poor classroom management.[14]  Indeed, the principal testified that even if Jones had not been flagged as ineligible,  she probably would not have hired him because his classroom management was so poor.  But Jones's brief points to no record evidence showing that his students were *not* unruly, that he did *not* refer or "write-up" many students, that he did *not* selectively enforce the school's cell phone rules, or even that he did *not* give students candy and soda in violation of school policy.  Even below, the only evidence Jones offered to that effect was that some of his students were unruly and the teachers hired instead of him were mostly younger and women.  Thus, Jones has not shown that this otherwise-legitimate reason not to hire him was *false,* let alone that sex or age discrimination was the true reason. *Alvarez*, 610 F.3d at 1265–67.

## IV.    Conclusion

We therefore affirm the district court's grant of summary

---

framework"—"the failure to establish a prima facie case is only fatal where it reflects a failure to put forward enough evidence for a jury to find for the plaintiff on the ultimate question of discrimination"); *see also Sims v. MVM, Inc.,* 704 F.3d 1327, 1333 (11th Cir. 2013) (analyzing a "convincing mosaic" argument under the ADEA).  Regardless, and simply put, our review of the record does not show a dispute of material fact on Jones's claims of sex and age discrimination.

[14] We have no need, therefore, to rely on the School Board's alternative reason: that Jones was flagged as ineligible by their computer system.

judgment to the School Board.

**AFFIRMED.**